IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald L. Legg, | ) C/A No.: 4:13-1615-RMG-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| R. Scott Joye, Esq., | ) |
| Defendant. | ) |

Plaintiff Ronald L. Legg, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee at the J. Reuben Long Detention Center. Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by his criminal defense attorney, defendant R. Scott Joye. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff claims that, in December of 2012, Defendant volunteered to represent Plaintiff in state criminal proceedings. [Entry #1 at 3]. Plaintiff alleges Defendant demonstrated a biased attitude and was argumentative, controlling, and disparaging during his first meeting with Plaintiff. *Id.* Plaintiff claims that Defendant's bias is primarily "centered around a religious and political animosity" related to Plaintiff's criminal charges. *Id.* According to the complaint, Plaintiff did not consent to Defendant

representing him, but the state court appointed him as Plaintiff's legal counsel on December 28, 2012. *Id.* at 4. Plaintiff filed a motion in state court to relieve Defendant as counsel, but the court denied the motion on January 23, 2013. *Id.* at 4–5. Plaintiff complains that Defendant refused to allow Plaintiff to assist in the preparation of a defense and that Defendant refused to review documents Plaintiff provided. *Id.* at 5.

Plaintiff alleges that Defendant also conspired with a state court judge to procure an unnecessary mental health evaluation for Plaintiff, and attempted to negatively influence the evaluation by providing the Department of Mental Health with confidential writings pertaining to Plaintiff's political and religious ideology. *Id.* at 5–6. Defendant attended the mental health evaluation with Plaintiff on April 18, 2013, but purportedly failed to render assistance to Plaintiff and acted as a "contrary, intimidating and distracting presence." *Id.* at 7.

On May 29, 2013, Plaintiff appeared in state court on a motion seeking reconsideration of the previous order denying Plaintiff's request to relieve Defendant as counsel. *Id.* at 8. Plaintiff alleges that Defendant maintained his court-appointed position by implying that Plaintiff's judgment was questionable. *Id.* Plaintiff blames his continued incarceration on Defendant and alleges that Defendant has refused to answer basic legal questions or intervene on Plaintiff's behalf concerning a medical issue. *Id.* at 11-12. Plaintiff seeks monetary damages. *Id.* at 13.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).   An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).   Thus, Plaintiff's claims relating to Defendant's allegedly ineffective representation of Plaintiff in state criminal proceedings are subject to summary dismissal.

Further, while a defense attorney may act under color of state law under certain limited circumstances, s*ee Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff provides insufficient factual allegations to withstand summary dismissal of his conspiracy claim. Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985).   In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps

4

otherwise class-based invidiously discriminatory animus". *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985).

Plaintiff speculates that Defendant conspired with a state court judge to procure his mental health evaluation for Plaintiff. [Entry #1 at 5]. However, Plaintiff provides no concrete facts to demonstrate that Defendant came to any mutual understanding with the judge, or acted "jointly in concert" to deprive Plaintiff of any constitutional right. *See Hinkle v. City of Clarksburg, W. Va*, 81 F.3d 416, 421 (4th Cir. 1996); *see also Ruttenberg v. Jones*, No. 07-1037, 2008 WL 2436157 (4th Cir. June 17, 2008). Plaintiff also fails to establish any discriminatory motive on the part of Defendant. Thus, to the extent Plaintiff alleges a cause of action for conspiracy arising under § 1983 or § 1985, his claim must fail.

III.   Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 17, 2013                                            Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).