IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ronald L. Legg, | ) | |
| | ) | C/A No. 4:13-1615-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| R. Scott Joye, Esq., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this Court dismiss without prejudice *pro se* Plaintiff Ronald L. Legg's action brought under 42 U.S.C. § 1983. (Dkt. No. 8). For the reasons stated below, the Court adopts the R&R as the order of the Court and dismisses this action without prejudice.

**Background**

Plaintiff, a pretrial detainee at the J. Reuben Long Detention Center in Conway, South Carolina, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by his court-appointed defense attorney, Defendant R. Scott Joye. (Dkt. No. 1). Specifically, Plaintiff alleges that Defendant harbors "a religious and political animosity" toward him, which has manifested itself in Defendant's biased attitude and disparaging treatment of Plaintiff. (Dkt. No. 1 at 3). Further, Plaintiff alleges that Defendant conspired with a state court judge to procure an unnecessary mental health evaluation for Plaintiff. (*Id.* at 5–6). Plaintiff seeks actual damages in the amount of one million dollars, as well as punitive damages. (*Id.* at 13).

This matter was automatically referred to a Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for all pretrial proceedings. The Magistrate Judge reviewed the complaint under 28 U.S.C. § 1915 and, on June 17, 2013, issued an R&R recommending that this Court dismiss the action without prejudice and without issuance and service of process. (Dkt. No. 8 at 1). Plaintiff filed objections to the R&R. (Dkt. No. 11).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

The court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Law/Analysis

The Magistrate Judge thoroughly reviewed the pleadings, liberally construed the complaint, accurately summarized the law, and correctly concluded that the Court should dismiss this action. As the Magistrate Judge explained, a court-appointed attorney does not "act under color of state law," for section 1983 purposes, when performing his function as counsel. *See Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn.2–3 (4th Cir. 1980). Though there are certain narrow circumstances in which court-appointed counsel may be said to act under color of state law, *see Tower v. Glover*, 467 U.S. 914, 923 (1984), Plaintiff does not allege concrete facts making it plausible that Defendant Joye did so here, *see Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995). Specifically, Plaintiff does not allege facts that "would reasonably lead to the inference that [Defendant and other state officials] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Ruttenberg v. Jones*, 283 F. App'x 121, 132 (4th Cir. 2008) (quotation marks and citations omitted). Though Plaintiff claims the actors shared the common purpose of "prostrating" his defense, (Dkt. No. 11 at 6), he offers "nothing beyond conclusory allegations" with respect to how this common purpose was reached and carried out, *Ruttenberg*, 283 F. App'x at 132. Lacking the specific facts that would render his allegation of conspiracy plausible, Plaintiff has failed to state a section 1983 claim for which relief may be granted.

## Conclusion

After reviewing the record, the Magistrate Judge's R&R, and Plaintiff's objections, this Court concludes that the Magistrate Judge accurately applied the law to the facts of this case. Accordingly, the Court adopts the R&R as the order of this Court and DISMISSES this action without prejudice.

- 4 -

AND IT IS SO ORDERED.

_____
The Honorable Richard Mark Gergel
United States District Court Judge

July __15__, 2013
Charleston, South Carolina